IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANTWAIN JAMAR TUTSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-328-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ANTWAIN JAMAR TUTSON. For the following reasons, petitioner's habeas application should be DENIED.

### I.
### STATEMENT OF THE CASE

On March 22, 2013, Amarillo Police Department officers executed a search warrant at a residence rented by petitioner and two others. [ECF 10-13 at 66-79]. During the search of the residence, officers found a baggy containing suspected powder cocaine and a baggy containing suspected methamphetamine in a pocket of a man's shirt in the closet of the bedroom where petitioner was located and taken into custody. A box of .22 caliber ammunition was found in the same closet, and a loaded .22 caliber pistol was found in a plastic bag under a washing machine in a laundry room. Also found in the residence was a set of digital scales and multiple baggies, the kind typically used for repackaging and distribution of controlled substances.

On June 11, 2013, petitioner was charged by Information in Potter County, Texas, with the 3rd degree felony offense of possession of a controlled substance. *State v. Tutson*, No. 66,888-E.[1] The Information alleged petitioner on or about March 22, 2013:

> did then and there intentionally or knowingly possess a controlled substance, namely, methamphetamine, in in an amount of more than one gram but less than four grams.

[ECF 10-13 at 90]. The Information also alleged that "during the commission of this offense [petitioner] did use or exhibit a deadly weapon, namely, a firearm." In addition, the Information alleged a prior final felony conviction for purposes of enhancing punishment.[2] *Id*.

On June 12, 2013, pursuant to a plea bargain, petitioner entered a plea of guilty to the charged offense, and a plea of true to the enhancement paragraph. [ECF 10-13 at 91-92]. On that same date, the state trial court found petitioner guilty of the offense of possession of a controlled substance as alleged in the Information, found the enhancement paragraph true, and assessed petitioner's punishment at 13 years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division as recommended by the prosecution.[3] Judgment was signed that same date. Petitioner did not file a direct appeal of his conviction and sentence. On March 9, 2015, the trial court entered a Nunc Pro Tunc Judgment correcting the provision for a deadly weapon finding to reflect an affirmative finding. [ECF 10-13 at 94-95].

On March 20, 2015, petitioner purportedly placed a state application for habeas corpus relief in the state prison mailing system,[4] such application being received and file-stamped by the Potter County District Clerk on April 1, 2015. [ECF 10-13 at 22-23]. By this state habeas

---

[1] Petitioner was also charged with unlawful possession of a firearm for the pistol found in his residence. *State v. Tutson*, No. 66,889-E. The State did not charge petitioner with possession of a controlled substance for the cocaine found at the residence.

[2] The Judgment indicated "N/A" in the provision for findings on a deadly weapon. [ECF 10-13 at 91].

[3] Petitioner also pleaded guilty to the unlawful possession of a firearm charge as part of the same plea agreement and was assessed a 13-year sentence.

[4] The transmitted envelope was post-marked March 27, 2015. [ECF 10-13 at 24].

application, petitioner alleged he was denied effective assistance of trial counsel because counsel failed to investigate the search warrant affidavit, interview a potential witness, acquaint himself with the laws of possession, inform petitioner the State was not charging him with possession of the cocaine found at the residence, and to inform petitioner of the trial court's March 11, 2015 entry of an affirmative deadly weapon finding. [ECF 10-13 at 11-23]. On June 3, 2015, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *In re Tutson*, No. 83,264-01. [ECF 10-1].

On November 2, 2015, petitioner purportedly placed the instant federal application for habeas corpus in the prison mailing system. [ECF 3 at 10]. Petitioner's application was received by this Court on November 10, 2015, at which time it was file-stamped and a federal habeas corpus proceeding opened. [ECF 3 at 1].

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

> Petitioner was denied due process under the Fourteenth Amendment and his guilty plea to the offense of possession of a controlled substance (methamphetamine) was involuntary because the State knowingly withheld evidence, to wit: a March 29, 2013 Supplemental Case Summary Report which contained a notation by an Amarillo Police Department (APD) officer that the State was not charging petitioner with a possession offense for the cocaine. [ECF 3 at 6, 13].

Although acknowledging his conviction "became final over one year ago" by answering Question 26 on page 9 of the form habeas corpus petition, petitioner asserts:

> Tutson is presenting this claim based on newly discovered evidence that was made available . . . by way of a public information request made in November of 2014. Tutson is presenting evidence within one year of discovery as required by 28 U.S.C. § 2244(d)(1)(D).

[ECF 3 at 9]. The Court construes petitioner's statement as an assertion that he did not discover

the factual predicate of his claims until a date subsequent to his conviction becoming final and, therefore, the statute of limitations should not begin until the date he discovered the basis for his claims.

III.
RESPONDENT'S ANSWER

On February 5, 2016, respondent filed an Answer asserting petitioner's habeas application should be dismissed as time barred. In her response, respondent fully and accurately briefed statutory and case law regarding the 1-year statute of limitations in federal habeas corpus cases. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application, specifically addressing petitioner's claims of a later discovery date as the beginning of the statute of limitations. [ECF 8]. Petitioner did not file a reply to respondent's Answer.

IV.
FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner was sentenced on June 12, 2013. Petitioner did not file a direct appeal of his conviction or sentence with the appropriate state intermediate appellate court.

2. Petitioner's judgment of conviction became final on **July 12, 2013**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a)(1); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that they could not have been

discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final (*see* discussion below).

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **July 12, 2014**, unless statutorily or equitably tolled.

8. Petitioner's state habeas application challenging his conviction and sentence was filed <u>after</u> the limitation period had expired on July 12, 2014. The 1-year statute of limitations was not statutorily tolled. *Medley v. Thaler*, 660 F.3d 833, 834-35 (5th Cir. 2011).

9. Petitioner has not argued, much less demonstrated, he is entitled to any periods of equitable tolling.

10. Petitioner's federal habeas corpus application, filed November 2, 2015 when it was purportedly placed in the prison mailing system, was filed after the expiration of the statute of limitations and **is time barred**.

11. Petitioner has not asserted an actual innocence exception to the time bar, much less demonstrated actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence.

V.
DISCOVERY OF FACTUAL PREDICATE

Petitioner argues the 1-year statute of limitations in this case did not begin when his conviction became final on July 12, 2013. Instead, he argues the limitation period only began when he discovered the factual predicate of his claims presented herein. Specifically, petitioner alleges he was not aware of the APD's March 29, 2013 Supplemental Case Summary Report wherein the officer noted the State was not charging him for possession of the cocaine until December 2, 2014 when he received a copy of the report in response to a November 2014 public information request. The report stated:

> On 03-29-2013 [the reporting officer] received a refusal for one of the Poss. CS PG 1>1<4 with the following comments from [Assistant District Attorney] Martindale: I have filed the meth and gun case. The case for coke will not add any additional time or have any effect on the prosecution. The coke will be used in the punishment phase of this trial. The refusal was added to the case file. The unlawful poss. of a firearm 66889-z and the Poss. CS PG 1>1<4 66888-z was accepted. The complaints were signed and filed with the Clerk's Office. Copies were placed into the case file.

[ECF 10-13 at 17]. Petitioner contends the State withheld this report from the defense and/or defense counsel failed to advise petitioner of the report or its contents prior to his guilty plea. Petitioner appears to contend not only that he was denied due process because of the State withholding this report from the defense, but also that if he had known the contents of the report, *i.e.*, that the State was not charging him for the cocaine, then he would not have pleaded guilty to the possession of methamphetamine charge in Cause No. 66,888-E, the conviction challenged herein. Petitioner contends the limitation period with regard to his claims of the State knowingly withholding evidence, the resulting due process violation, and an involuntary plea in his methamphetamine possession case did not begin until he learned of this "newly discovered evidence."

> In the state habeas proceeding, trial counsel submitted an affidavit stating:
>
> I thoroughly reviewed and copied the discoverable portion of the District Attorney's file . . . prior to ANTWAIN JAMAR TUTSON entering his plea of guilty. I also viewed and copied the incident report [including at least one supplement thereto] . . . . I fully advised ANTWAIN JAMAR TUTSON of the charges against him and the evidence contained in the State's file. I conferred with ANTWAIN JAMAR TUTSON prior to pleading guilty and thoroughly discussed the case and the evidence contained in the State's file with him. I also informed him of the consequences of the deadly weapon notice in cause no. 66,888-E. On the day of the plea hearing ANTWAIN JAMAR TUTSON signed [the] "State's Punishment Recommendation" which had the blank next to "affirmative deadly weapon finding" marked. I thoroughly explained this to ANTWAIN JAMAR TUTSON and informed him of the consequences of pleading guilty to this [methamphetamine possession] charge with an affirmative deadly weapon finding.

> I thoroughly advised ANTWAIN JAMAR TUTSON of all of his rights and of the consequences of pleading true and guilty in these cases.

[ECF 10-13 at 40-41]. Although he did not specifically reference the March 29, 2013 supplemental report, counsel averred the State provided the APD incident and supplemental reports to the defense for review, that counsel was thus aware, prior to petitioner's guilty plea to the methamphetamine possession charge, of the APD report memorializing the State's comment that it was not charging petitioner for possession of the cocaine, and that he "fully advised" petitioner of the "charges against him" prior to petitioner entering a guilty plea in this case. Crucially, petitioner offered nothing during the state habeas proceedings to support his allegations on this issue, other than his own bald assertions which are unsupported and unsupportable by anything else contained in the record. By denying relief, the state habeas court implicitly credited trial counsel's statements. This Court must presume the state court's implicit credibility choice is correct. *See Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001). Moreover, as in the underlying state habeas proceedings, petitioner has not presented any independent or record evidence to this Court to support his bald assertions that he was unaware, prior to entering into the guilty plea agreement not only in this case, but also in the companion unlawful possession of a firearm case, of the APD supplemental report or its memorialization that the State was not charging him with possession of the cocaine. Moreover, to the extent, if any, petitioner is claiming he did not and could not, with the exercise of due diligence, have discovered the substance of the report until he received the public information request materials, such a claim lacks credibility. Petitioner certainly was aware, at the time of his guilty plea to the methamphetamine possession charge, that the State had not charged him with possession of the cocaine.

Petitioner has not demonstrated the validity of his alleged December 2014 "discovery" that the State withheld the APD supplemental report and its notation that the State was not charging

petitioner with an additional possession offense for the cocaine.  Nor has petitioner shown the state court's implicit finding that the State did not withhold the APD report or its content, and that counsel advised petitioner of the charges against him and the evidence in the State's file was unreasonable.  Petitioner has not demonstrated he is entitled to a delayed or later beginning date of the limitation period under section 2244(d)(1)(D) with regard to his claims.

## VI.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Answer filed February 5, 2016 [ECF 8], it is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner ANTWAIN JAMAR TUTSON is time barred and should be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 12, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).